IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| CHICAGO TITLE INSURANCE COMPANY | * | |
| Plaintiff | * | |
| v. | * | |
| 100 INVESTMENT LIMITED PARTNERSHIP | * | |
| Defendant | * | |
| * * * * * * * | * | Civil Action No. JFM-02-CV-1138 |
| 100 INVESTMENT LIMITED PARTNERSHIP | * | |
| Counter-Plaintiff | * | |
| v. | * | |
| CHICAGO TITLE INSURANCE COMPANY | * | |
| Counter-Defendant | * | |

* * * * * * * * * * * * *

**FINAL JUDGMENT AND DECLARATORY DECREE**

This action came on for trial on stipulated facts; and the Court having denied the motion for summary judgment filed by Plaintiff and granted the motion for partial summary judgment filed by Defendant and Counter-Plaintiff on August 26, 2002, it is this /8/ day of _November_, 2002, by the United States District Court for the District of Maryland,

ADJUDGED, ORDERED AND DECREED that Plaintiff, Chicago Title Insurance Company ("Chicago Title") is the successor in interest to Safeco Title Insurance Company

("Safeco"), which underwrote title insurance Policy Number 37857 (the "Policy") issued by its agent Columbia Town Center Title Company to 100 Investment Limited Partnership on December 18, 1986, that the Policy provides title insurance coverage in accordance with the terms of the Policy for the title defect which is the subject of this litigation, that the expenses incurred by 100 Investment Limited Partnership to correct this title defect were reasonably necessary under the circumstances, were fairly incurred and were covered by the Policy such that Chicago Title is obligated to indemnify 100 Investment Limited Partnership for said expenses, and that title insurance coverage under the Policy extends to the defense and indemnification of 100 Investment Limited Partnership in a certain lawsuit entitled, *Ahsan S. Khan, et al. v. 100 Investment Limited Partnership*, Case No. 100100013442002 ("Khan Litigation"), currently pending in the District Court of Maryland for Howard County;

IT IS FURTHER ADJUDGED, ORDERED AND DECREED that Chicago Title be, and is hereby, commanded to defend and indemnify 100 Investment Limited Partnership in the Khan Litigation, or, alternatively, to reimburse 100 Investment Limited Partnership for the reasonable attorneys' fees and other litigation expenses incurred by 100 Investment Limited Partnership in the defense of the Khan Litigation and to indemnify 100 Investment Limited Partnership for any judgement entered against it in the Khan Litigation and/or for any amount paid in settlement of the claims made in the Khan Litigation;

IT IS FURTHER ADJUDGED, ORDERED AND DECREED that judgment be and is hereby entered in favor of 100 Investment Limited Partnership against Chicago Title Insurance Company for the sum of Two Hundred One Thousand Seven Hundred Forty-four Dollars and Thirty-

seven Cents ($201,744.37) ($190,324.88 being the principal amount of judgment together with prejudgment interest in the amount of $11,419.49), with interest thereon to accrue at the judgment rate from the date of judgment until paid;

      IT IS FURTHER ADJUDGED, ORDERED AND DECREED that Chicago Title be and is hereby commanded to take all steps called for under the Policy to correct the title defect which is the subject of this litigation, or, alternatively, to reimburse 100 Investment Limited Partnership for the reasonable costs incurred by 100 Investment Limited Partnership to correct said title defect, including but not limited to conveying clear title to The Lyndwood Association, Incorporated, Howard County Maryland, and N.V.R. Homes, Inc., together with a re-conveyance of all easements and restrictions appurtenant thereto;

      IT IS FURTHER ADJUDGED, ORDERED AND DECREED that 100 Investment Limited Partnership be, and is hereby, awarded attorneys fees and other litigation expenses of Sixty-four Thousand One Hundred Twenty-three Dollars and Twenty-nine Cents ($64,123.29); and that 100 Investment Limited Partnership be entitled to supplement the award from time to time for attorneys' fees and other litigation expenses reasonably incurred in connection with the prosecution of this litigation on and after November 1, 2002; and

      IT IS FURTHER ADJUDGED, ORDERED AND DECREED that the Plaintiff's Complaint be, and is hereby, dismissed, judgment being entered herein on Counts I, II and III of the Counter-claim of 100 Investment Limited Partnership.

                                            _____
                                            United States District Judge

WORKSHEET

The total cost of repurchase .................................................. $180,787.88

Surveyor's fee ............................................................. $770.00

Overhead expense .......................................................... $8,767.00

Subtotal (principal amount of damages) ....................................... $190,324.88

Prejudgment Interest @ 6% per annum (10/26/01 - 10/26/02) .................... $11,419.49

Total damages (earns judgment interest) ...................................... $201,744.37

Fee award (through 10/31/02) (does not earn judgment interest)

James E. Carbine (through 9/30/02) ........................................... $46,034.04

James E. Carbine (October 2002) .............................................. $3,324.92

Richard S. Lehmann, attorney's fees .......................................... $10,723.08

Ballard Spahr Andrews & Ingersoll, LLP,
attorney's fees .............................................................. $720.00

*Ahsan S. Khan, et al.
v. 100 Investment Limited Partnership*, defense fees and costs ............... $3,321.25

Total Fee Award .............................................................. $64,123.29