IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| CHICAGO TITLE INSURANCE COMPANY | * | |
| Plaintiff | * | |
| v. | * | |
| 100 INVESTMENT LIMITED PARTNERSHIP | * | |
| Defendant | * | |
| *    *    *    *    *    *    * | * | Civil Action No. JFM-02-CV-1138 |
| 100 INVESTMENT LIMITED PARTNERSHIP | * | |
| Counter-Plaintiff | * | |
| v. | * | |
| CHICAGO TITLE INSURANCE COMPANY | * | |
| Counter-Defendant | * | |
| *    *    *    *    *    *    *    *    *    *    *    *    * | | |

## STIPULATION OF FACTS IN LIEU OF TRIAL

The parties, by and through their undersigned counsel, hereby stipulate and agree, for the purposes of this litigation only, that the following facts are true and correct and are admitted into evidence.

1.    By deed dated August 24, 1982, Francis L. Miller and Mildred C. Miller ("Miller") conveyed a 1.145 acre tract of land in Howard County, currently a part of the Shady Oaks subdivision ("Disputed Tract") to Ahsan S. Khan, Trustee for Ahsan S. Khan, M.D., P.A., Profit Sharing Plan ("Dr. Khan").

2.     By deed dated October 14, 1986, Miller also purportedly conveyed the Disputed Tract to 100 Investment Limited Partnership as a part of a much larger conveyance.

3.     On December 18, 1986, as a part of the purchase and sale of 100% of the partnership interest in said partnership, Safeco Title Insurance Company ("Safeco") underwrote title insurance Policy Number 37857 (the "Policy") which was issued by its agent Columbia Town Center Title Company to 100 Investment Limited Partnership. The Disputed Tract was a part of the property for which title was insured under the Policy. The face amount of the Policy was $7.395 million. Chicago Title Insurance Company is the successor in interest to Safeco.

4.     In or about 1994, 100 Investment Limited Partnership subdivided a portion of the larger tract in accordance with the legal requirements of Howard County, Maryland (the "County"). The subdivision plan was approved by the County; and on March 1, 1995, the Partnership executed a Declaration of Covenants, Easements, Charges and Liens, which was recorded among the County land records.

5.     During the development process, 100 Investment Limited Partnership dedicated a public utility easement, running lengthwise down the Disputed Tract.

6.     On July 7, 1995, 100 Investment Limited Partnership conveyed five townhouse lots of the subdivided land ("Lots") to N.V.R. Homes, Inc. Townhouses were then built on the Lots and sold to the ultimate home owners. Three of the Lots contained parts of the Disputed Tract.

7.     On August 30, 1995, 100 Investment Limited Partnership conveyed another portion of the property covered by the Policy and forming a part of the subdivided land to The Lyndwood Association, Incorporated ("Association") for common area open space and

landscaping ("Common Area Tract"). This deed was recorded on November 2, 1995 and purported to convey the balance of the Disputed Tract to the Association.

8.    On or about July 26, 2001, 100 Investment Partnership was first placed on notice that it never had title to the Disputed Tract. The problem was discovered by the survey which was commissioned as a part of the sale of an adjacent tract of land, which included the Disputed Tract, from Dr. Khan to 100-103 Center, LLC and Courtyards at Timbers, LLC ("Timbers"). Dr. Khan conveyed the Disputed Tract to Timbers on or about July 31, 2001.

9.    Immediately upon learning these facts, 100 Investment Limited Partnership put Chicago Title Insurance Company on notice of the title defect regarding the Disputed Tract and made a claim under the Policy.

10.    By letter dated October 23, 2001, Chicago Title formally denied coverage for the claim represented by the defect in title for the Disputed Tract.

11.    On October 26, 2001, 100 Investment Limited Partnership repurchased the Disputed Tract from Timbers at the same per acre price as was paid by Timbers for the same property. The purchase price was $175,348.56. The closing costs were $5,439.32. The total cost of repurchase was $180,787.88.

12.    100 Investment Limited Partnership incurred overhead expenses in connection with the repurchase and related matters in the amount of $8,767.

13.    100 Investment Limited Partnership incurred fees of Clark, Finerock & Sackett, Inc., licensed professional surveyors, in connection with this litigation, in the amount of $770. A true and correct copy of the invoice for these fees is attached hereto. These fees were fair and reasonable.

- 3 -

14.    The total of these expenditures is $190,324.88. 100 Investment Limited Partnership is entitled to an award of prejudgment interest on the sum of $190,324.88 for one year at the rate of 6% per annum for a total award of prejudgment interest in the amount of $11,419.49.

15.    From April 3, 2002, through October 31, 2002, 100 Investment Limited Partnership incurred attorney's fees in the amount of $3,300 and litigation expenses in the amount of $21.25 in connection with the defense of the lawsuit entitled, *Ahsan S. Khan, et al. v. 100 Investment Limited Partnership*, Case No. 100100013442002, currently pending in the District Court of Maryland for Howard County. These fees and expenses were fair and reasonable.

16.    100 Investment Limited Partnership incurred real estate attorney's fees of Ballard Spahr Andrews & Ingersoll, LLP, in connection with the trespass claim of Dr. Khan, in the amount of $720. These fees were fair and reasonable.

17.    100 Investment Limited Partnership incurred real estate attorney's fees of Richard S. Lehmann, as a part of this repurchase and related work, in the amount of $10,723.08. These fees were fair and reasonable.

18.    From July 30, 2001, through October 31, 2002, 100 Investment Limited Partnership incurred attorney's fees in the amount of $46,508 and litigation expenses in the amount of $2,850.96, in connection with the coverage dispute between the parties which is the subject of this case. These fees and expenses were fair and reasonable.

19.    The total of the above fees and expenses is $64,123.29.

- 4 -

20.    The expenses incurred by 100 Investment Limited Partnership to correct
this title defect were reasonably necessary under the circumstances and were fairly incurred.

Richard E. Hagerty
Bar No. 5646
Troutman Sanders ~~Mays & Valentine~~, LLP
Suite 600, 1660 International Drive
McLean, Virginia 22102
703-734-4326/Fax 703-734-4340
Attorney for Plaintiff
and Counter-Defendant


James E. Carbine
Bar No. 391
Suite 2700
111 South Calvert Street
Baltimore, Maryland 21202
410-385-5300/FAX 410-385-5201
Attorney for Defendant
and Counter-Plaintiff

- 5 -