IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

CHICAGO TITLE INSURANCE COMPANY

        Plaintiff      *

v.      *

100 INVESTMENT LIMITED PARTNERSHIP

        Defendant

\*   \*   \*   \*   \*   \*   \*      *     Civil Action No. JFM-02-CV-1138

100 INVESTMENT LIMITED PARTNERSHIP

        Counter-Plaintiff

v.

CHICAGO TITLE INSURANCE COMPANY

        Counter-Defendant

\*   \*   \*   \*      \*   \*   \*   \*      *

## AMENDED FINAL JUDGMENT AND DECLARATORY DECREE

This action came on for trial on stipulated facts; the Court having denied the motion for summary judgment filed by Plaintiff and granted the motion for partial summary judgment filed by Defendant and Counter-Plaintiff on August 26, 2002, the Court having entered its Judgment and Declaratory Decree on November 18, 2002, and the United States Court of Appeals for the Fourth Circuit having affirmed said judgment in part and reversed it in part, it is this ___ day of _____, 2004, by the United States District Court for the District of Maryland,

ADJUDGED, ORDERED AND DECREED that Plaintiff, Chicago Title Insurance Company ("Chicago Title") is the successor in interest to Safeco Title Insurance Company ("Safeco"), which underwrote title insurance Policy Number 37857 (the "Policy") issued by its agent Columbia Town Center Title Company to 100 Investment Limited Partnership on December 18, 1986, that 100 Investment Limited Partnership is no longer an "insured" within the meaning of the Policy as to any portion of the land originally insured for which 100 Investment Limited Partnership no longer retains an estate or interest in the land and does not have liability by reason of covenants of warranty made in any transfer or conveyance of such estate or interest, that the Policy does not provide title insurance coverage in accordance with the terms of the Policy for the steps taken by 100 Investment Limited Partnership to correct the title defect which is the subject of this litigation, but that the Policy does provide title insurance coverage in accordance with the terms of the Policy for the defense and indemnification of 100 Investment Limited Partnership in a certain lawsuit entitled, *Ahsan S. Khan, et al. v. 100 Investment Limited Partnership*, Case No. 100100013442002 ("Khan Litigation");

IT IS FURTHER ADJUDGED, ORDERED AND DECREED that Chicago Title be, and is hereby, commanded to defend and indemnify 100 Investment Limited Partnership in the Khan Litigation, or, alternatively, to reimburse 100 Investment Limited Partnership for the reasonable attorneys' fees and other litigation expenses incurred by 100 Investment Limited Partnership in the defense of the Khan Litigation and to indemnify 100 Investment Limited Partnership for any judgement entered against it in the Khan Litigation and/or for any amount paid in settlement of the claims made in the Khan Litigation;

IT IS FURTHER ADJUDGED, ORDERED AND DECREED that judgment be and is hereby entered in favor of 100 Investment Limited Partnership against Chicago Title Insurance Company for the sum of Fifteen Thousand Seven Hundred Twenty-nine Dollars and Sixteen Cents ($15,729.16) ( $14,909.16 being the principal amount of judgment together with prejudgment interest in the amount of $820), with interest thereon to accrue at the judgment rate from the date of judgment until paid;

IT IS FURTHER ADJUDGED, ORDERED AND DECREED that 100 Investment Limited Partnership be, and is hereby, awarded attorneys fees and other litigation expenses of Fourteen Thousand Two Hundred Seventy Dollars and Eighty-four Cents ($14,270.84);

IT IS FURTHER ADJUDGED, ORDERED AND DECREED that upon the award of costs on appeal by the United States Court of Appeals for the Fourth Circuit, judgment be and is hereby awarded in favor of Chicago Title Insurance Company against 100 Investment Limited Partnership for the sum of One Thousand One Hundred Twenty-four Dollars ($1,124.00) with interest thereon to accrue at the judgment rate from the date of judgment until paid; and

IT IS FURTHER ADJUDGED, ORDERED AND DECREED that declaratory judgment be, and is hereby entered in favor of the Plaintiff to the extent provided herein, that judgment in favor of the Defendant be, and is hereby entered on Count III of the Counterclaim of 100 Investment Limited Partnership, and that Counts I and II of the said Counterclaim be, and are hereby, dismissed, with prejudice.

_/s/_
United States District Judge